D. Michael Dale, OSB 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, Oregon 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

Meg Heaton, OSB 052780
meg@nwjp.org
Northwest Workers' Justice Project
917 S.W. Oak Street, Suite 412
Portland, OR 97205-2837
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JUAN CRUZ-ALMARAZ, | Civil No.: CV'09-1210-AA |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| v. | Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.) |
| BOURKE CONSTRUCTION, INC., a corporation incorporated in Oregon and Washington states; MATTHEW BOURKE, individually; and INSURANCE COMPANY OF THE WEST, a California corporation, | Contract<br>Oregon Wage and Hour Laws<br>Oregon Prevailing Wage Laws<br>Washington Wage and Hour Laws<br>Washington Prevailing Wage Laws |
| Defendants. | DEMAND FOR JURY TRIAL |

I. INTRODUCTION

1.     This action is brought by Juan Cruz-Almaraz, a former employee of Bourke

Construction, Inc. and Matthew Bourke (collectively, " Employer Defendants"), to collect unpaid

Page 1 - FIRST AMENDED COMPLAINT

wages and statutory damages.

2.	Employer Defendants violated the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA"). Plaintiff seeks redress in the form of unpaid wages and statutory damages.

3.	Employer Defendants violated their contract with Jackson Armory FMS, to which Plaintiff was a third party beneficiary. Plaintiff seeks redress in the form of unpaid wages.

4.	Employer Defendants did not pay Plaintiff the wages to which he was entitled pursuant to Oregon prevailing wage law and Oregon wage and hour law, and made unauthorized deductions from Plaintiff's wages in violation of Oregon wage and hour law.  Plaintiff seeks redress in the form of unpaid wages and statutory damages.

5.	Employer Defendants did not pay Plaintiff the wages to which he was entitled pursuant to Washington prevailing wage law and Washington wage and hour law, and made unauthorized deductions from Plaintiff's wages in violation of Washington wage and hour law. Plaintiff seeks redress in the form of unpaid wages and statutory damages.

6.	Defendant Insurance Company of the West ("ICW") issued various bonds benefitting Plaintiff.  Plaintiff seeks compensation from ICW in the amount of his unpaid wages and statutory damages.

## II.  JURISDICTION

7.	Jurisdiction is conferred on this Court by 29 U.S.C. § 1856, as this action arises under the Davis-Bacon Act, 40 U.S.C. §§ 276a *et seq.* ("Davis-Bacon Act"); 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

8.	Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law and Washington law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Page 2 - FIRST AMENDED COMPLAINT

## III.  PARTIES

9. Plaintiff Juan Cruz-Almaraz is a resident of Multnomah County, Oregon.

10. Defendant Bourke Construction, Inc. is a corporation incorporated in both Oregon and Washington states.

11. Defendant Matthew Bourke is an individual who conducts a construction business in Oregon and Washington.  He is the president and secretary of Bourke Construction, Inc.

12. Defendant ICW is a foreign corporation licensed to do business in the state of Washington.

## IV.  FACTS

13. Defendant Matthew Bourke is a manager and supervisor for Bourke Construction, Inc.  He employed Plaintiff, and managed Bourke Construction, Inc.'s employment of Plaintiff.

14. At all material times Matthew Bourke conducted a construction business, including employing Plaintiff, in the states of Oregon and Washington.

15. Defendant Bourke Construction, Inc. is a construction company operated by Matthew Bourke.

16. At all material times Bourke Construction, Inc. conducted a construction business, including employing Plaintiff, in the states of Oregon and Washington.

17. Employer Defendants jointly employed Plaintiff to perform construction work in Oregon and Washington.

18. Employer Defendants employed Plaintiff during the period August 13, 2007 through December 31, 2008.

19. Employer Defendants regularly required Plaintiff to return a substantial portion of his pay, in effect deducting those amounts from his pay.

20. For example, from his October 10, 2008 paycheck, Plaintiff had to return $350.00 to Employer Defendants; from his October 18, 2008 paycheck, Plaintiff had to return $330.00 to

Page 3 - FIRST AMENDED COMPLAINT

Employer Defendants.

21. The deductions were not for Plaintiff's benefit, nor did he authorize the deductions in writing.

22. Plaintiff regularly worked in excess of 40 hours per week.

23. Employer Defendants regularly failed to compensate Plaintiff for every hour of work he performed and reported on his timesheet.

24. Employer Defendants regularly failed to compensate Plaintiff at a rate of time and one half for every hour he worked over forty each week.

25. During his employment with Employer Defendants, Plaintiff generally worked on projects subject to various prevailing wage statutes.

26. Plaintiff was regularly paid at wage rates far below the relevant prevailing wage rate, even before the deductions described in paragraphs 19 through 21.

27. For example, during the period April 28, 2008 through May 9, 2008, Plaintiff worked on the Jackson Armory FMS, a public work project subject to the prevailing wage requirements of the Davis-Bacon Act.

28. For his work at the Jackson Armory FMS during this period, Plaintiff was to be paid between $16.00 and $30.23 per hour for all of his hours worked, pursuant to the Davis-Bacon Act.

29. Plaintiff's actual wage for the work he performed at Jackson Armory FMS was no more than $14.33 per hour.

30. Plaintiff's work at Jackson Armory FMS was subject to the prevailing wage requirements of the Davis-Bacon Act. Plaintiff is the intended beneficiary of the contract between Jackson Armory FMS and Employer Defendants governing employee wage rates.

31. As a second example, during the period July 28, 2008 through August 9, 2008, Plaintiff worked on the Larch Correctional Facility in Yacolt, Washington, a public work project subject to the prevailing wage requirements under Washington law.

32. For his work at the Larch Correctional Facility during this period, Plaintiff was to be paid between $15.00 and $30.63 per hour for all of his hours worked, pursuant to Washington prevailing wage law.

33. Plaintiff's actual wage for the work he performed at Larch Correctional Facility was no more than $14.93 per hour.

34. As a third example, during the period September 6, 2008 through September 19, 2008, Plaintiff worked on the Juvenile Justice Center in Portland, Oregon, a public work project subject to the prevailing wage requirements under Oregon law.

35. For his work at the Juvenile Justice Center during this period, Plaintiff was to be paid between $27.64 and $31.67 per hour for all of his hours worked, pursuant to Oregon prevailing wage law.

36. Plaintiff's actual wage for the work he performed at Juvenile Justice Center was no more than $19.44 per hour.

37. ICW issued its Contractors License Bond number 2205669 in the sum of $12,000.00 naming Bourke Construction, Inc. as principal, for Bourke Construction Inc.'s work in the state of Washington.

38. ICW issued an additional payment bond naming Bourke Construction, Inc. as principal, related to Bourke Construction, Inc.'s work on the Larch Corrections Center.

39. Plaintiff is a person intended to be benefitted by the existence and terms of the bonds.

## V.  CLAIMS FOR RELIEF

(First Claim against Employer Defendants—Violation of FLSA)

40. In violation of 29 U.S.C. § 207, Employer Defendants failed to pay Plaintiff at a rate of time and one half for his overtime hours.

/////

41.     Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to his unpaid overtime wages, plus an additional, equal amount as liquidated damages, and to reasonable attorney fees and costs.

(Second Claim against Employer Defendants—Contract)

42.     Employer Defendants failed to pay to Plaintiff all the wages they had promised to pay pursuant to their contract with Jackson Armory FMS.

43.     Plaintiff is entitled, under Oregon contract law, to payment of all wages due to him pursuant to Employer Defendants' contract with Jackson Armory FMS.

(Third Claim against Employer Defendants—Violation of Oregon Wage and Hour Laws)

44.     In violation of O.R.S. § 653.261, Employer Defendants failed to pay Plaintiff at a rate of time and one half for his overtime hours. Plaintiff is entitled to his unpaid overtime wages.

45.     Plaintiff is entitled, under O.R.S. § 653.055, to recover penalty damages in an amount equal to 240 times his hourly wage rate, and to reasonable attorney fees and costs, for non-payment of overtime wages.

46.     Employer Defendants failed to pay Plaintiff all of his wages when due upon termination of his employment in violation of O.R.S. § 652.140.

47.     The failure of Employer Defendants to pay Plaintiff all of his wages upon termination of employment was willful.

48.     Plaintiff is entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times his hourly wage rate, and to reasonable attorney fees and costs, for Employer Defendants' failure to pay his wages upon termination.

49.     Employer Defendants made unauthorized deductions from Plaintiff's pay in violation of O.R.S. § 652.610.

50.     Plaintiff is entitled, under O.R.S. § 610.615, to damages for Employer Defendants' unauthorized deductions.

(Fourth Claim—Oregon Prevailing Wage Law)

51.    In violation of O.R.S. § 279C.840, Employer Defendants failed to pay the prevailing wage toPlaintiff for work performed in Oregon on public work projects.

52.    Plaintiff is entitled, under O.R.S. § 279C.855, to his unpaid prevailing wages and to an additional, equal amount as liquidated damages.

(Fifth Claim against Employer Defendants—Violation of Washington Wage and Hour Laws)

53.    In violation of R.C.W. 49.46.130(2), Employer Defendants failed to pay Plaintiff at a rate of time and one half for his overtime hours.  Plaintiff is entitled to his unpaid overtime wages.

54.    Plaintiff is entitled, under R.C.W. 49.46.090(1), to recover reasonable attorney fees and costs,  for bringing this action for overtime wages.

55.    Employer Defendants made unauthorized deductions from Plaintiff's pay in violation of R.C.W. 49.52.050 and R.C.W. 49.52.060.

56.    Plaintiff is entitled, under R.C.W. 49.52.070, to damages equal to twice the amounts deducted, and to reasonable attorney fees and costs.

(Sixth Claim against Employer Defendants—Washington Prevailing Wage Law)

57.    In violation of R.C.W. 39.12.020 *et seq.*, Employer Defendants failed to pay the prevailing wage to Plaintiff for work performed in Washington on public work projects.

58.    Plaintiff is entitled, under R.C.W. 39.12.020, to his unpaid prevailing wages.

(Seventh Claim against ICW—Claim upon Contractor's Bonds and Retainage)

59.    ICW is liable to Plaintiff for the penal sum of the bond to the same extent that the principal, Bourke Construction Inc., is liable.

59.    Plaintiff is entitled to be paid from the retention of contract balances being held by the public owner for satisfaction of unpaid wages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant him the following relief:

Page 7 - FIRST AMENDED COMPLAINT

    1.    Award Plaintiff his unpaid overtime wages pursuant to 29 U.S.C. § 207 and liquidated damages, attorney fees and costs pursuant to 29 U.S.C. § 216(b);

    2.    Award Plaintiff his unpaid wages pursuant to Employer Defendants' contract with Jackson Armory FMS;

    3.    Award Plaintiff his unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261, and civil penalties in the amount of 240 times Plaintiff's average hourly wage pursuant to O.R.S. § 653.055;

    4.    Award Plaintiff his unpaid wages pursuant to O.R.S. § 652.140, and civil penalties in the amount of 240 times Plaintiff's average hourly wage pursuant to O.R.S. § 652.150;

    5.    Award Plaintiff damages for unauthorized deductions pursuant to O.R.S. § 652.610;

    6.    Award Plaintiff his unpaid prevailing wages pursuant to O.R.S. § 279C.855;

    7.    Award Plaintiff his unpaid overtime wages pursuant to Washington overtime law, R.C.W. 49.46.130(2);

    8.    Award Plaintiff damages for unauthorized deductions pursuant to R.C.W. 49.52.050, 49.52.060 and 49.52.070;

    9    Award Plaintiff his unpaid prevailing wages pursuant to R.C.W. 39.12.020;

    10.    Award Plaintiff reasonable attorney fees and costs;

    11.    Award Plaintiff pre-judgment and post-judgment interest;

    12.    Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 13th day of November, 2009.

                /s/ Meg Heaton  
                MEG HEATON, OSB 052780  
                (503) 525 8454  
                Of Attorneys for Plaintiff