IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JUAN CRUZ-ALMARAZ,                        Civ. No. 09-1210-AA

      Plaintiff,                          OPINION AND ORDER

   v.

BOURKE CONSTRUCTION, INC., a
corporation incorporated in
Oregon and Washington states;
MATTHEW BOURKE, individually;
and INSURANCE COMPANY OF THE
WEST, a California
corporation,

      Defendants.
_____

AIKEN, Chief Judge:

    Plaintiff filed suit alleging wage and hour violations under

Oregon and Washington state laws and the Fair Labor Standards Act,

29 U.S.C. § 201, et seq.  Plaintiff now moves for partial summary

judgment against defendants Matthew Bourke and Bourke Construction,

Inc. (the Bourke defendants) pursuant to Federal Rule of Civil

1 - OPINION AND ORDER

Procedure 56(c).    Given that the Bourke defendants are
unrepresented, the court provided the requisite Rule 56 notice and
granted extensions of time in which to respond.    The Bourke
defendants failed to respond, and upon review of plaintiff's
motion, it is granted.

DISCUSSION

From July 21, 2007 until December 31, 2008, plaintiff was
employed by the Bourke defendants as a construction worker.    Every
week, the Bourke defendants required plaintiff to return $250.00 in
cash from his pay, with plaintiff returning at least $18,750.00
during his employment.    Pl.'s Concise Statement of Facts, ¶ 2 and
Exs. 3-4.

Plaintiff also performed work for the Bourke defendants on
projects that were subject to prevailing wage requirements;
specifically, the Jackson Armory FMS Conversion and the Juvenile
Justice Center Vent Cover Replacement in Multnomah County, Oregon,
and the Larch Correctional Facility 80-Bed Expansion in Clark
County, Washington.    For such work, the Bourke defendants were
legally obligated to pay plaintiff at the following rates for work
plaintiff performed in 2008 in the roles specified:

a. For work in Multnomah County, Oregon:

1. Demo: $23.12/hour wages; $11.00 fringe

2. Framing: $28.72/hour wages; $13.30 fringe

3. Drywall: $28.87/hour wages; $13.30 fringe

2 - OPINION AND ORDER

    4. Painting: $18.69/hour wages; $7.25 fringe

    5. Sitework: $23.12/hour wages; $11.00 fringe

    6. Clean up: $23.12/hour wages; $11.00 fringe

    7. FRP: $28.87/hour wages; $13.30 fringe

    8. Finish carpentry: $28.87/hour wages; $13.30 fringe

b. For work in Clark County, Washington:

    1. Carpenter: $34.55/hour wages; $6.97 fringe

    2. Laborer, demolition: $30.15/hour wages; $3.99 fringe

    3. Laborer, clean-up: $31.25/hour wages; $2.89 fringe

    4. Laborer: $31.25/hour wages; $3.91 fringe

Plaintiff filled out time sheets provided by the Bourke defendants that indicate the dates, hours, location and type of work he performed. Further, copies of pay check stubs provided by the Bourke defendants reflect the work weeks represented by plaintiff's time sheets. These documents show that plaintiff was not paid at a rate of time and one-half for hours worked in excess of forty hours per week, and that plaintiff was not paid in full for every hour of prevailing wage work he performed. Pl's Motion, Exs. A, B; Pl.'s Concise Statement of Facts, Exs. 1-4. The Bourke defendants submitted no evidence to dispute these facts.

Aside from exceptions not at issue here, Oregon law prohibits employers from withholding, deducting or diverting any amount from an employee's wages. See Or. Rev. Stat. § 652.610(3). The remedy for violations of Oregon's law is "actual damages or $200,

whichever is greater." Id. § 652.615.  Likewise, Washington law
renders it unlawful for employers to "collect" a "rebate" from
wages. Wash. Rev. Code § 49.52.050(1).  The remedy for violations
of Washington's law is "twice the amount of the wages unlawfully
rebated or withheld by way of exemplary damages." Id. § 49.52.070.
Both statutes also authorize an award of attorney fees and costs to
the employee.

      The Bourke defendants do not dispute that Oregon's and
Washington's unlawful deduction statutes apply.   Further, the
Bourke defendants do not dispute that plaintiff was required to
return $250.00 for every paycheck received over 75 pay periods.
Thus, plaintiff is entitled to repayment of $18,750.00 in unlawful
deductions. He is further entitled to an additional $2,000.00 in
exemplary damages under Wash. Rev. Code § 49.52.070 for the weeks
worked in Washington.  Finally, he is entitled to attorney fees and
costs.

      Oregon and Washington law also require employers to pay
prevailing wage rates for work performed on public projects.  Or.
Rev. Stat. § 279C.840; Wash. Rev. Code § 39.12.020, et seq.  The
remedy for violations of Oregon's law is an award of "unpaid
minimum wages" and "an additional, equal amount" as liquidated
damages. Or. Rev. Stat. § 279C.855. Washington law also entitles
plaintiff to recover his unpaid prevailing wages. Wash. Rev. Code
§ 39.12.065(1) (the failure to file a complaint with the state

department of labor and industries "shall not prohibit a claimant from pursing a private right of action" for unpaid prevailing wages). Plaintiff has produced undisputed evidence that he worked on prevailing wage jobs for seven weeks in Oregon and eight weeks in Washington. It is further undisputed that the prevailing wages earned during those periods totaled $10,248.44 and $13,631.04, respectively, and that he was paid $5,359.96 and $6,824.09 in wages for that work, respectively. Therefore, plaintiff is entitled to an award of $4,888.48 in prevailing wages under Oregon law, and an additional, equal amount as liquidated damages. Plaintiff is further entitled to an award of $6,806.95 in prevailing wages under Washington law.

Finally, the federal Fair Labor Standards Act (FLSA) requires employers to pay "not less than one and one-half times the regular rate" for "employment in excess of" forty hours per work week. 29 U.S.C. § 207. The regular rate may be calculated at the average hourly wage for the type of overtime work performed in a given week. 29 C.F.R. § 548.3(c). Remedies under the FLSA include the amount of overtime wages due along with an equal amount in liquidated damages, along with costs and attorney fees. 29 U.S.C. § 216(b).

The Bourke defendants do not dispute that plaintiff is entitled to payment for his overtime hours. Undisputed evidence presented by plaintiff shows that he was not paid at a rate of time

and one half for his overtime work during certain work weeks.
Further, the Bourke defendants have produced no evidence that they
believed the failure to pay overtime wages was in "good faith" or
based on "reasonable grounds" that their actions did not violate
the FSLA.  Id. § 260.  Therefore, in addition to the wages sought
at the relevant hourly regular rates, plaintiff is entitled to
$2,687.00 in overtime wages, an additional, equal amount in
liquidated damages, and attorney fees and costs.

<u>CONCLUSION</u>

Plaintiff's Motion for Partial Summary Judgment (doc. 68) is
GRANTED.

IT IS SO ORDERED.

Dated this 26th day of July, 2011.


_____
Ann Aiken
United States District Judge

6 - OPINION AND ORDER