IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN CRUZ-ALMARAZ,

    Plaintiff,

v.

BOURKE CONSTRUCTION, INC., a corporation incorporated in Oregon and Washington states; MATTHEW BOURKE, individually; and INSURANCE COMPANY OF THE WEST, a California corporation,

    Defendants.

Case No. 6:09-cv-1210-AA

ORDER

AIKEN, Chief Judge:

    Plaintiff filed suit alleging wage and hour violations under Oregon and Washington state laws and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. The court granted plaintiff's partial summary judgment, and after voluntarily dismissal of plaintiffs' remaining claims, judgment was entered in favor of plaintiff in the amount of $42,707.91. Plaintiff now seeks costs and attorney fees.

    As set forth in the court's Opinion and Order filed July 27,

1 - ORDER

2011, plaintiff obtained a favorable judgment and is entitled to an award of attorney fees. When determining the reasonable amount of fees, the Ninth Circuit generally applies a lodestar/multiplier approach. Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010). The party seeking an award of fees bears the burden of supporting the hourly rates claimed and documenting the appropriate number of hours worked. McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009); United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Employees of Asarco, Inc., 512 F.3d 555, 565 (9th Cir. 2008). However, "[i]n determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown, 565 F.3d at 1102 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

I find reasonable the hourly rates sought by plaintiff's counsel, in light of their experience and expertise. I similarly find most of the requested hours to be reasonable. However, I decline to award fees incurred for non-legal clerical tasks (such as reviewing notices from the court), administrative work (such as creating and updating spreadsheets) and similar tasks (such as notes to the file) that generally are considered overhead. See, e.g., Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors.").

2 - ORDER

Accordingly, I reduce the hours requested by 12.3 hours. Plaintiff's Motion for Attorney Fees (doc. 95) is GRANTED to the extent set forth above, and plaintiff is awarded $27,074.00 in attorney fees and $636.00 in costs.

IT IS SO ORDERED.

Dated this 9th day of March, 2012.

_____
Ann Aiken
United States District Judge

3 - ORDER